IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYLER P. GRIMES, :
:
    Petitioner :
:
v. : CIVIL NO. 3:17-CV-1008
:
CYNTHIA LINK, : (Judge Conaboy)
:
    Respondent :

## MEMORANDUM
### Background

    Tyler P. Grimes (Petitioner), an inmate presently confined at the State Correctional Institution, Graterford, Pennsylvania (SCI-Graterford), filed the above captioned habeas corpus action pursuant to 28 U.S.C. § 2254. Named as Respondent is SCI-Graterford Superintendent Cynthia Link. Service of the petition was previously ordered.

    Petitioner states that he entered a guilty plea on November 21, 2013 to charges of robbery, theft, burglary, receiving stolen property, and conspiracy in the York County, Pennsylvania Court of Common Pleas. According to the petition, Grimes was sentenced that same day to an aggregate ten (10) year, three (3) month to twenty (20) year, six (6) month term of imprisonment.

    Petitioner states that he did not pursue a direct appeal. See Doc. 1, ¶ 8. On April 23, 2014, Grimes filed an action pursuant

1

to Pennsylvania's Post Conviction Relief Act (PCRA).[1] On March 25, 2015, Petitioner indicates that the PCRA petition was withdrawn.

In his pending action, Petitioner claims entitlement to federal habeas corpus relief on the grounds that trial counsel was ineffective for advising him to reject an negotiated plea agreement and to enter an open guilty plea and denial of his right to appeal. See id. at ¶ 12.

## Discussion

Respondent has filed a motion seeking dismissal of this matter on the basis that has not filed a timely habeas corpus action. See Doc. 9. Grimes' pending § 2254 petition is dated June 7, 2017,[2] and will be deemed filed as of that date. See Houston v. Lack, 487 U.S. 266 (1988)(a prisoner's action is deemed filed at the time it is given to prison officials for mailing to the Court).

Section 2244(d) of Title 28 of the United States Code provides, in relevant part, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review . . .

---

[1] The PCRA permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

[2] See Doc. 1, p.14.

2

> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

See generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999).

Under the plain terms of § 2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when the period for direct review expired. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000)("upon conclusion of direct review of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are *pending* in any state court.")(emphasis in original).

The running of limitations period is suspended for the period when properly-filed state post-conviction proceedings are pending in any state court. See Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001)(an untimely PCRA petition does not toll the statute of limitations for a federal habeas corpus petition); Merritt v. Blaine, 326 F.3d 157, 165-66 & n. 6 (3d Cir. 2003)(federal courts are bound by state court's determination that PCRA petition was untimely and thus not "properly filed").

However, the period during which a Section 2254 applicant could have filed a petition for writ of certiorari with the United States Supreme Court from denial of an application for state post conviction or other collateral relief does not defer the

3

commencement of the limitations period. See Lawrence v. Florida, 549 U.S. 327, 333-36 (2007).

It is additionally noted that the "one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitations period." Jones, 195 F.3d at 159, citing Miller v. New Jersey State Department of Corrections, 145 F.3d 616 (3d Cir. 1998).

Respondent's pending untimeliness argument agrees that Petitioner was sentenced on November 21, 2013 and that there was no direct appeal. As such, the Respondent correctly points out that under the principles announced in § 2244(d)(1)(A) the limitations period began to run as of December 21, 2013, when the period for pursuing a direct appeal expired.

Second, the running of the limitations period was thereafter tolled during the period when Petitioner's initial PCRA action was pending before the Pennsylvania state courts (March 11, 2014- June 26, 2014). According to Respondent a second PCRA action was filed on October 30, 2014 (1256 days later). This timely filed petition was withdrawn on March 25, 2015.[3]

A review of the submitted state court docket (Doc. 9-1) establishes that the one year limitations period began to run as of

---

[3] Petitioner sought tolling for the entire period from April 23, 2014 to March 25, 2014.

4

December 21, 2013 and continued to March 11, 2014, a total of 80 days. The clock restarted on on June 27, 2014 and ran until the October 30, 2014 withdrawal of the second PCRA action, a period of 126 days. The limitations period restarted on March 26, 2015 and this matter was filed as of June 7, 2017

Based upon those determinations regarding statutory tolling, Grimes' pending federal petition was not initiated within the § 2244(d) one year limitations period.

Petitioner asserts that he is entitled to equitable tolling because he acted in a diligent manner and he was only nineteen years old at the time he entered his guilty plea. "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his claims diligently; and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). A habeas petitioner may establish grounds for equitable tolling by showing that (a) the government has actively misled the petitioner; (b) the rights in question were timely asserted, but in the wrong forum; or (c) the petitioner has in some extraordinary way been prevented from asserting his rights." Jones, 195 F.3d at 159. "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances for equitable tolling." Fahy , 240 F.3d at 244.

Nor does equitable tolling extend to claims of excusable neglect. Irwin, Dept. Of Veterans' Affairs, 498 U.S. 89, 96

5

(1990). In Johnson v. Hendricks, 314 F. 3d 159, 163 (3d Cir. 2002), the Third Circuit Court of Appeals reiterated that attorney error was not a sufficient basis for equitable tolling.

Based upon an application of the standards announced in Pace, Jones, and Fahy, there are no facts presented or apparent from the record which could establish that Grimes' failure to timely pursue his pending federal claims was caused by being misled by the Commonwealth, or that pursuit of those arguments was otherwise prevented in some extraordinary fashion. It is also noted that this is not a case where the Commonwealth allegedly failed to produce favorable evidence to a criminal defendant. Furthermore, the fact that Petitioner was only 19 years old when sentence is not an adequate basis for a finding of equitable tolling. Since it is undisputed that a direct appeal was not filed and Grimes withdrew two PCRA actions this Court is not conviced that the Petitioner was dilligently pursuing his claims.

Pursuant to the above discussion, Petitioner has not established entitlement to equitable tolling and despite his entitlement to statutory tolling for the pendency of his PCRA actions his § 2254 petition was clearly filed after the expiration of the § 2244(d) limitations period. Consequently, Respondent's motion to dismiss will be granted as this matter is clearly time barred and is precluded from consideration. An appropriate Order will enter.

_____
RICHARD P. CONABOY
United States District Judge

DATED; DECEMBER 19th, 2017